IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KASIM RHYAN,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** | § § § | CA No._____ |
| Plaintiff, | § § | JURY DEMANDED |
| v. | § § | CLASS ACTION PURSUANT TO FED. |
| | § § | R. CIV. P. 23(b)(2) |
| **DW DIRECT, INC.** | § § | COLLEVTIVE ACTION PURSUANT |
| Defendant. | § § | TO 29 U.S.C. §216(b) |

## PLAINTIFF'S ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT

### 1.  SUMMARY

1.1. Defendant, DW DIRECT, INC. ("Defendant"), failed to pay Plaintiff, KASIM RHYAN, ("Plaintiff") and its other satellite technicians/installers overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. Defendant also makes improper deductions from Plaintiffs' wages failing to pay all wages earned in violation of the FLSA.

1.2 Plaintiff, Kasim Rhyan, and the similarly situated individuals he seeks to represent, are current and former employees and/or independent contractors of Defendant who worked as satellite technicians/installers within the last three years, signed an Agreement to Arbitrate with Defendant (which Plaintiff asserts is invalid and unenforceable) and worked over forty (40) hours per work week and were not paid overtime compensation in accordance with the FLSA and/or were not paid all wages earned (hereinafter referred to as "Class Members").

1.3   Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated Class Members.

1.4   Plaintiff also asserts a declaratory judgment action pursuant to Federal Rule of Civil Procedure 23(b)(2) asking this Court to declare certain acknowledgments and agreements to arbitrate signed by Plaintiff and other putative Class Members unenforceable due to the absence of a *Halliburton*-type savings clause and because of the circumstances under which Defendant required Plaintiff and the putative class members to sign the Agreements to Arbitrate at issue.

## 2. JURISDICTION

2.1.   This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1.   Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(1), because Defendant's principal office is located at 4020 Big Island Drive Manvel, Texas 77578.

## 4. PARTIES

4.1.   Plaintiff, Kasim Rhyan, lives in Memphis, Tennessee. Plaintiff is a current employee of Defendant and works as a satellite technician/installer. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2.   The class of similarly situated employees consists of all satellite technicians/installers who worked for Defendant within the last three years, signed an Agreement to Arbitrate with Defendant (which Plaintiff asserts is invalid and unenforceable) and worked over forty (40) hours per work week and were not paid overtime compensation in accordance

with the FLSA and/or were not paid all wages earned (hereinafter referred to as the "Class Members").

4.3. Defendant DW Direct, Inc. ("DW Direct") is an employer qualified to do business in Texas. Defendant DW Direct is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant DW Direct can be served by, serving its Registered Agent for Service of Process, URS Agents Inc., 248 E. Capitol Street, Suite 840, Jackson, MS 39201.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Defendant DW Direct is satellite installation company.

6.2 Plaintiff works as a satellite technician/installer for Defendant DW Direct. He has been employed and/or worked for Defendant since October 2016.

6.3   For approximately the first year of Plaintiff's tenure working for Defendant, he was classified as an independent contractor by Defendant. He did not receive overtime compensation however he was expected to work over forty (40) hours per week (and did in fact work over forty (40) hours per week) during that time period. Then Defendant changed Plaintiff's classification to employee and began paying Plaintiff as a W2 employee. However, nothing else changed about Plaintiff's job duties changed.

6.4   This switch from independent contractor to employee was not unique to Plaintiff and happened to other satellite technicians/installers working for Defendant during the relevant time period.

6.5   Due to the high volume of work, Plaintiff was often required to work long hours (over 40 hours per work week). Defendant was aware that Plaintiff and the Class Members work/worked over forty hours per work week to meet Defendant's business needs. Plaintiff and the Class Members did not receive overtime compensation at time and a half for all overtime hours worked.

6.6   Defendant dictates what hours Plaintiff works, provided the tools for him to do his job, or required he purchase tools to perform the work in furtherance of Defendant's business, and told him what work he is required to complete and the specifications on how the work was to be completed. Over the last three (3) years working for Defendant, Plaintiff regularly worked approximately sixty-five (65) hours per week.

6.7   Defendant controlled all the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.8   Defendant also required Plaintiff and the Class Members (after Plaintiff and the Class

Members were switched from independent contractors to employees) to fill out a timesheet recording the hours they work on a daily basis. However, when Plaintiff and the Class Members recorded over forty (40) hours per work week and submitted those actual hours on their timesheet, they are instructed by Defendant to revise the timesheet to reflect only forty (40) hours per work week, or less.

6.9  As a satellite technician/installer, Plaintiff's primary duties include, completing work orders for customers classified as an install, upgrade or service call. Plaintiff and the Class Members also have to go to Defendant's warehouse in order to pick up equipment that will be installed in customer's homes.

6.10  Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendant. Plaintiff and the Class Members cannot arbitrarily make changes to the work assigned without Defendant's approval.

6.11  Plaintiff and Class Members do/did not have authority to hire or fire any of Defendant's employees/workers and do not have authority to set pay.

6.12  As satellite technicians/installers, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of

Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.13 Plaintiff and the Class Members are subject to a single policy and pay plan that they were paid the same amount no matter how many hours they work based on a piece rate system designated by Defendant when they were misclassified as independent contractors. When switched to employees, Plaintiff and the Class Members submitted hours worked to Defendant but still were not paid all wages earned nor were they paid overtime compensation for all hours worked over forty (40) per work week.

6.14 Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.15 Defendant misclassified Plaintiff and the Class Members as independent contractors. Even after converting Plaintiff and the Class Members to employees, Defendant still fails to pay Plaintiff overtime wages in accordance with the FLSA.

6.16 Defendant also made improper deductions from Plaintiff's wages for purported damage claims brought against Defendant by one of its customers and/or chargebacks for "boxes" that are over fifty-two (52) days old. Without written or verbal authorization, Defendant has deducted hundreds of dollars per pay check from Plaintiff's earned wages. The chargebacks include but are not limited to $100-$300 per box, $55.00 for a customer call-in asking for assistance of any kind during a ninety (90) day period from install.[1] Plaintiff is aware of other satellite technicians/installers who are also subject to deductions for purported damage claims and chargebacks for boxes that are over fifty-two (52) days old.

---

[1] For most of Plaintiff's employment it was a ninety (90) day period but towards the last 2-3 months of his employment it was a seven (7) day period.

6.17  Defendant would also change Plaintiff and the Class Members' hours and/or knowingly pay them for less hours than they actually worked. For example, Plaintiff and the Class Members would input their actual hours worked into a web based or app-based time reporting system. Then Defendant would change or reduce these hours and pay Plaintiff less than actual hours worked. Also, Defendant would instruct Plaintiff and the Class Members to record less than forty hours on their time-sheets even if they actually worked more hours. In many instances, if Plaintiff and the Class Members did not comply, the would not receive work from Defendant the next day in retaliation.

6.18  On June 8, 2018, a lawsuit was filed against Defendant by another satellite technician/installer asserting violations of the FLSA, similar to those asserted in this Complaint. *Simeon Ames, et. al. v. DW Direct, Inc.*, Civ. A. No. 4:18-cv-01885, in the United States District Court Southern District of Texas, Houston Division.

6.19  Defendant filed an Answer in the *Ames* case on August 1, 2018 and filed a response in opposition to the *Ames* plaintiffs' motion for conditional certification on March 15, 2019 asserting in pertinent part, "PLAINTIFFS MAY NOT SEND NOTICE OF FLSA SUIT TO EMPLOYEES WITH ARBITRATION AGREEMENTS." *Ames*, Civ. A. No. 4:18-cv-01885, [Dkt. 23, p. 3].

6.20  One week later on March 22, 2019, Defendant presented Plaintiff Rhyan and other putative Class Members with an "Employee Handbook and Agreement to Arbitrate" ("Agreement to Arbitrate") and told them that if they refused to sign it, they would not get any more work from Defendant. Plaintiff and other Putative Class Members were instructed to sign it immediately, without being given the opportunity to read the actual text of the Agreement to Arbitrate, with the threat that if they did not, they would not be

able to work.

6.21 On April 29, 2019, the *Ames* Court, granted plaintiff's Motion for Conditional Certification but stated the putative class would exclude all Defendant's employees who "signed arbitration agreements." *Ames*, Civ. A. No. 4:18-cv-01885, [Minute Entry, 4/29/2019]. Therefore, employees like Plaintiff Rhyan were precluded from receiving notice and the opportunity to join the *Ames* lawsuit.

6.22 Plaintiff is aware of and works with other satellite technicians/installers who were/are subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant. Plaintiff is also aware of other satellite technicians/installers who signed the Agreement to Arbitrate under the same or similar circumstances as he did (as explained herein).

6.23 Defendant employs satellite technicians/installers that have the same/similar job duties to Plaintiff and are/were subject to the same/similar pay policy as Plaintiff is in Tennessee in other states including but not limited to Texas. Upon information and belief, Defendant employs satellite technicians/installers in New York, Kentucky, West Virginia, Louisiana, Florida, and California as well.

6.24 Throughout Plaintiff's employment, Plaintiff was aware of multiple other individuals who worked as satellite technicians/installers, were at first misclassified as independent contractors and even when switched to employees, were not compensated in accordance with the FLSA for hours worked in excess of forty-hours per work week and did not receive all wages earned.

## 7.  COLLECTIVE ACTION ALLEGATIONS

7.1   Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as satellite technicians/installers within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked (2) signed an Agreement to Arbitrate while working with Defendant (3) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours per week in a single work week and/or (4) have been subjected to improper deductions from their earned wages in violation of the FLSA.

7.2   Defendant classified/classifies and paid/pays all of its satellite technicians/installers in the manner described above.  Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3   Defendant's satellite technicians/installers all performed the same/similar essential job functions and duties of completing work orders for customers classified as an install, upgrade or service call and going to Defendant's warehouse in order to pick up equipment that was be installed in customer's homes, notwithstanding the fact that one satellite technician/installer might have more tenure or experience than another. Therefore, the Class Members are similarly situated to Plaintiff.

7.4   The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5   Defendant possesses the names and addresses of Class Members in its records.  The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join.  Like Plaintiff, these similarly situated workers are entitled to recover

their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

> **All satellite technicians/installers that worked for DW Direct, Inc. and signed an Agreement to Arbitrate at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent] and worked over forty (40) hours per week or did not receive all wages earned due to deductions from pay in any week during that period of time.**

## 8. CAUSES OF ACTION

### FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2) CLASS ACTION FOR DECLARATORY JUDGMENT

8.1  Plaintiff incorporates the allegations in the preceding paragraphs.

**A.  CLASS ACTION REQUIREMENTS**

8.2  Plaintiff bring this class action on behalf of himself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

8.3  The Class which the Plaintiff seeks to represent is adequately ascertainable, objectively verifiable, and is defined as:

All persons in the United States who:

   a. Were employed by Defendant from September 5, 2016 to the present;

   b. Signed a copy of the "Employee Handbook and Agreement to Arbitrate" ("Agreement to Arbitrate") or a substantially similar document provided by Defendant and attached as Exhibit 2 to this Complaint; and

   c. Were not paid according to the provisions found in the FLSA.

8.4  This class action is appropriate because it satisfies all prerequisite of Federal Rule of Civil Procedure 23(a), and is shown as follows:

(1) Numerosity – the class is so numerous that joinder of all members is impracticable. On information and belief, DW Direct, Inc. required all employees who were paid in violation of the FLSA to sign at least one version of the attached Agreement to Arbitrate (Exhibit 2), and the potential class could easily consist of over one hundred (100) plaintiffs. Defendant is a corporation with employees in multiple states across the U.S. *See* Fed. R. Civ. P. 23(a)(1).

(2) Commonality – there are questions of law and fact common to the class. Issues key to the resolution of the dispute include a determination that the Agreement to Arbitrate is unenforceable due to its terms and the circumstances under which it was presented and signature required by Plaintiff and the putative Class Members. See *Id.* 23(a)(2).

(3) Typicality – the claims of Plaintiff are typical of the claims of the putative Class Members. In fact, the claims of Plaintiff are identical to the claims of putative Class Members because all are impacted by the enforceability of the Agreement to Arbitrate that Plaintiff and the putative Class Members were required by Defendant to sign. See *Id.* 23(a)(3).

(4) Adequacy of Representation – Plaintiff will fairly and adequately protect the interests of putative Class Members. There are no conflicts of interest between Plaintiff and putative Class Members. Additionally, the undersigned attorneys are financially able to prosecute the action to the fullest extent of the law. See *Id.* 23(a)(4).

8.5 This class action seeking declaratory relief is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted on grounds that apply generally to

the class and declaratory relief is appropriate respecting the class as a whole. *Id.* 23(b)(2). The United States Supreme Court has stated that, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or none of them. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against defendant." *Walmart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) (internal citations omitted). In this case, Plaintiff, on behalf of himself and all Putative Class Members, seeks a declaration that the Agreement to Arbitrate is unenforceable.

B. **DECLARATORY RELIEF SOUGHT**

8.6  Pursuant to 28 U.S.C. §2201, Plaintiff asks this Court to declare that the Agreement to Arbitrate is illusory and unenforceable because (1) it contains no *Halliburton*-type savings clause that requires advance notice before termination or modification is effective (stating in pertinent part, "…DW Direct reserves the right to change the provisions of this handbook at any time…") and (2) it was provided to Plaintiff and the Putative Class Members after the filing of an FLSA claim (to which they would have been qualified putative class members, albeit the Agreement to Arbitrate) and the filing of a Motion for Conditional Certification in that case, in order to block Plaintiff and the putative class members' rightful participation in that lawsuit as opt-in plaintiffs and (3) Plaintiff and the putative Class Members were misled and coerced into signing the Agreement to Arbitrate. *See Billingsley v. Citi Trends, Inc.,* 560 Fed. Appx. 914, 919 (11th Cir. 2014) (upholding the district court's refusal to enforce arbitration agreements executed after the filing of an FLSA claim but before class certification where, "the timing of the arbitration

agreement's rollout was calculated to reduce or eliminate the number of collective action opt-in Plaintiffs" and where the presentation of the agreements was "confusing, misleading, [and] coercive" (quotation marks and citation omitted)).

## CAUSES OF ACTION PURSUANT TO THE FLSA

8.7   Defendant misclassified Plaintiff and the Class Members as independent contractors (for a portion of the relevant time period), subjected them to improper wage deductions/failed to pay them all wages earned and/or failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

8.8   Defendant violated the FLSA by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

8.9   Defendant's failure to pay overtime wages and/or wages earned to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.10  Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages (at time and a half) for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. §216(b).

## 9. JURY DEMAND

9.1 Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1 Plaintiff respectfully requests that judgment be entered against Defendant, awarding him and all similarly situated employees:

10.1.1 For an Order certifying Plaintiffs' declaratory judgment action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2).

10.1.2 Unpaid wages for all hours work during the period specified herein.

10.1.3 Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.4 An equal amount of liquidated damages;

10.1.5 Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.6 Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
tracey@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFF